IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-01389-KLM

MELANIE KNAPP,

      Plaintiff,

v.

ACADEMY DISTRICT 20,

      Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on **Defendants' Motion to Dismiss** [#10][1] (the

"Motion").[2] Plaintiff, who proceeds as a pro se litigant,[3] filed a Response [#13] in opposition

to the Motion, and Defendants[4] filed a Reply [#14]. The Court has reviewed all briefing on

---

      [1] "[#10]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's electronic case filing and management system (CM/ECF). This convention is used throughout this Order.

      [2] The parties consented to proceed before the undersigned for all proceedings pursuant to 28 U.S.C. § 636(c) and D.C. COLO.LCivR 72.2. *See Consent Form* [#15].

      [3] The Court must construe liberally the filings of a pro se litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [her] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

      [4] The Court interprets Plaintiff's Complaint [#1] as naming only one defendant, Academy District 20, because that is the only Defendant listed in the Complaint caption. However, Plaintiff also states that she is suing "Academy District 20, and all named defendants" but Plaintiff fails to specifically list any named Defendants. Thus, it is unclear who the named Defendants are. In an abundance of caution and to give the most liberal construction of the Complaint [#1] possible, the

the Motion, the entire case file, the applicable law, and is sufficiently advised in the premises.  For the reasons set forth below, the Motion [#10] is **GRANTED in part** and **DENIED in part**.

## I.  Background

Plaintiff initiated this action by filing the Complaint [#1] on June 7, 2017.  Plaintiff alleges that Defendants individually and collectively failed to hire her based on her gender and her participation in a protected activity, which violated her rights under Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C. § 2000e et seq.  *Compl.* [#1] at 2 ¶¶ 6, 9. Defendants argue that Plaintiff's Title VII claims should be dismissed because Plaintiff failed to file suit within the ninety-day filing period.  *Motion* [#10] at 2.  Defendants also argue that Plaintiff's Title VII claims against all individual Defendants should be dismissed because they are not "employers" as defined by Title VII.  *Id.*

Plaintiff contends that the Complaint [#1] is timely because she received a Notice of Right to Sue (the "Notice") from the Equal Employment Opportunity Commission (the "EEOC") on March 9, 2017, and filed her lawsuit on June 7, 2017, which was properly within the ninety-day filing period.  *Response* [#13] at 2 ¶ 6.

## II.  Legal Standard

"Compliance with the filing requirements of Title VII is not a jurisdictional prerequisite, rather it is a condition precedent to suit that functions like a statute of limitations and is subject to waiver, estoppel, and equitable tolling."  *Barrett v. Rumsfeld*, 158 F. App'x 89, 91 (10th Cir. 2005) (quoting *Million v. Frank*, 47 F.3d 385, 389 (10th Cir.

---

Court uses "Defendants" throughout this Order.  *See Hall*, 935 F.2d at 1110.

1995)).  "Accordingly, motions to dismiss for failure to file a Title VII civil action within the ninety-day filing period should be considered under Rule 12(b)(6)."  *Id.* (citing *Anjelino v. New York Times Co.*, 200 F.3d 73, 87 (3rd Cir. 1999)).

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test "the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true."  *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994); Fed. R. Civ. P. 12(b)(6) (stating that a complaint may be dismissed for "failure to state a claim upon which relief can be granted").  "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."  *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999) (citation omitted).  To withstand a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain enough allegations of fact to state a claim for relief that is plausible on its face."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Shero v. City of Grove, Okla.*, 510 F.3d 1196, 1200 (10th Cir. 2007) ("The complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations."  (quoting *Twombly*, 550 U.S. at 570)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do.  Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual

enhancement." *Id.* (brackets in original; internal quotation marks omitted).

To survive a motion to dismiss pursuant to Rule 12(b)(6), the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a factual allegation has been stated, "but it has not show[n][ ] that the pleader is entitled to relief," as required by Fed. R. Civ. P. 8(a). *Iqbal*, 556 U.S. at 679 (second brackets added; citation and internal quotation marks omitted).

### III. Analysis

#### A. Timely Filing

The filing of a timely administrative claim is required under Title VII, and a claim is time-barred if not filed within that period. *Davidson v. Am. Online, Inc.*, 337 F.3d 1179, 1183 (10th Cir. 2003); *see also Daniels v. United Parcel Serv., Inc.*, 701 F.3d 620, 628 (10th Cir. 2012) (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002)); *see also Daniels*, 701 F.3d at 631 (stating that *Ledbetter v. Goodyear Tire & Rubber Co.*, 550 U.S. 618 (2007), did not overturn the general applicability of *Morgan*)). A plaintiff has ninety days after receiving a notice of civil action to file suit against a defendant. 42 U.S.C. § 2000e-5(f)(1). "Each discrete discriminatory act starts a new clock for filing charges alleging that act." *Daniels*, 701 F.3d at 628 (quoting *Morgan*, 536 U.S. at 113). The limitations period begins on "the date the employee is notified of an adverse employment decision by the employer." *Id.* (quoting *Davidson*, 337 F.3d at 1187); *see also Witt v. Roadway Exp.*, 136 F.3d 1424, 1430 (10th Cir. 1998) (finding "[t]he ninety-day limit begins to run on the date the complainant actually receives the EEOC right-to-sue notice").

Plaintiff asserts that the clock began running when she received the Notice from the EEOC on March 9, 2017. *Compl.* [#1] at 2 ¶ 8. Defendants, however, argue that there is a rebuttable presumption that mail is delivered within three days of sending. *Motion* [#10] at 6. Therefore, Defendants argue that because the Notice was mailed on March 3, 2017,[5] the Court must presume that Plaintiff received the Notice on March 6, 2017, which was ninety-three days prior to filing her lawsuit. *Id.* at 7. Lastly, Defendants assert that Plaintiff has failed to present any evidence to rebut this presumption. *Id.* Accordingly, Defendants argue that Plaintiff's suit is untimely. *Id.*

Defendants also argue that "Plaintiff's unsworn Complaint allegation [that she received the Notice on March 8, 2017] is insufficient evidence to rebut the presumed receipt date." *Reply* [#14] at 5. However, Defendants ignore Plaintiff's declaration in her Response [#13] that "Plaintiff did, and does know with absolute certainty that on March 9, 2017 she actually received the notice and attests to this statement under penalty of perjury that it is true." *Response* [#13] at 5 ¶ 16 (emphasis omitted). The Tenth Circuit Court of Appeals has held that a pro se litigant's complaint "may be treated as an affidavit and used as evidence if the complaint is sworn, dated, and signed under penalty of perjury pursuant to 28 U.S.C. § 1746." *See Pacheco v. Timme*, No. 11-CV-02530-RM-KLM, 2014 WL 2442111, at *4 (D. Colo. May 30, 2014); *see also Green v. Branson*, 108 F.3d 1296, 1301 n.1 (10th Cir. 1997). A declaration included in a response brief is also sufficient to serve as an affidavit for a pro se litigant. *Wolters v. Estate of Conner*, No. CIV.A. 03-3251-KHV, 2005 WL 1842841, at *2 (D. Kan. July 29, 2005). To satisfy the requirements of 28 U.S.C.

---

[5] Plaintiff attached the Notice, dated March 3, 2017, to her Complaint [#1]. *Notice* [#1-1] at 2.

§ 1746, a writing must be signed, dated, and submitted "in substantially the following form . . . 'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.'" The Court finds that Plaintiff's declaratory statement is substantially similar enough to the language in § 1746 to constitute a sworn declaration. The Court also finds that this declaration is sufficient evidence to rebut the three-day presumption. *See Witt*, 136 F.3d at 1430 (holding that "[i]t was [an] error for the court to ignore [plaintiff's] affidavit" and thus, the court erred in finding that the plaintiff presented no evidence to rebut the three-day presumption).

The Court finds Defendants' other arguments that Plaintiff failed to rebut the three-day presumption unconvincing. Defendants cite *Barrett v. Rumsfeld*, 158 F. App'x 89, 91-92 (10th Cir. 2005), in which the Tenth Circuit held that the pro se plaintiffs failed to overcome the three-day presumption, and therefore dismissed the plaintiffs' claims under Rule 12(b)(6). However, the facts in *Barrett* are distinguishable from the case at hand. Specifically, the *Barrett* Court stated that "[t]here is no dispute that plaintiffs filed their class action complaint more than ninety days after [they] received the EEOC's notice of [their] right to sue" and that "[p]laintiffs have not presented any evidence or argument that such a presumption is incorrect in this case" and "[w]e therefore assume that the notice was [received three days after mailing]." *Id.* Here, however, Plaintiff does argue that she timely filed her Complaint [#1] within ninety days of receiving the Notice and thus, her Complaint [#1] was timely. *Compl.* [#1] at 2 ¶ 8. Therefore, Plaintiff's assertion of a specific date of receipt, and that her filing was timely, is distinguishable from the plaintiffs in *Barrett*. *See Barrett*, 158 F. App'x at 92.

Defendants also cite *Lombardi v. Advantage Logistics USA W., LLC.*, No. 11-CV-

02467-DME-MJW, 2012 WL 2319094, at *2-3 (D. Colo. June 19, 2012), which held that the plaintiff failed to rebut the three-day mailing presumption. *Motion* [#10] at 7. *Lombardi* held that the plaintiff failed to prove that his filing was timely because the plaintiff's affidavit stated that he received the notice ninety-seven days prior to filing the complaint. *Lombardi*, 2012 WL 2319094 at *2-3. Again, the facts here are distinguishable from *Lombardi* because Plaintiff has presented evidence to rebut the three-day presumption. Specifically, Plaintiff attests under penalty of perjury that she received the Notice in the mail on March 9, 2017 and therefore filed her Complaint [#1] within the ninety-day period. *Response* [#13] at 5 ¶ 16. Additionally, the affidavit that the plaintiff in *Lombardi* signed was insufficient to prove timely filing of the complaint because the affidavit conceded that the notice was received ninety-seven days prior to filing the complaint, which was nonetheless untimely. *Lombardi*, 2012 WL 2319094 at *3. Here, however, Plaintiff's sworn statement asserts a date of receipt that indicates that the Complaint [#1] was timely filed. *Response* [#13] at 5 ¶ 16.

For the foregoing reasons, the Court denies the Motion [#10] with regard to Defendants' argument that Plaintiff failed to file the Complaint [#1] within the ninety-day period. *See Witt*, 136 F.3d at 1429.

## B.    Individual Defendants

Defendants contend that the Court should dismiss Plaintiff's claims against all individual Defendants because "Title VII does not afford statutory liability for individuals." *Motion* [#10] at 7. Although Plaintiff only included Defendant Academy District 20 in her Complaint caption, Defendants state that nine employees are listed as individual defendants. *Motion* [#10] at 1. In her Response [#13], Plaintiff concedes that eight of the

nine individual defendants listed in the Motion [#10] should be dismissed. *Response* [#13] at 6 ¶ 20. However, Plaintiff does not mention Defendant Larry Borland in her Response [#13], nor was he named anywhere in the Complaint [#1]. The Court assumes that Mr. Borland was included in Defendants' Motion [#10] because he was listed in the Motion to Amend [#5]. However, the Court denied Plaintiff's Motion to Amend [#5] without prejudice and Plaintiff has not filed a new motion to amend. Accordingly, Mr. Borland is not a named Defendant in this lawsuit and therefore, there are no remaining claims against any individual Defendants. However, in an exercise of abundant caution, to the extent that Plaintiff does still intend to allege claims against any of the nine employees listed as individual defendants, those claims are **dismissed with prejudice** because individual employees or supervisors are not liable under Title VII. *See Williams v. W.D. Sports, N.M., Inc.*, 497 F.3d 1079, 1083 n.1 (10th Cir. 2007); *see also Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile.").

## IV. Conclusion

Based on the foregoing,

IT IS HEREBY **ORDERED** that Defendants' Motion [#10] is **GRANTED in part** and **DENIED in part**. The Motion [#10] is **granted in part** with respect to any claims against the nine employees listed as individual defendants. The Motion [#10] is **denied in part** such that the Title VII claim against Defendant Academy District 20 remains.

Dated:  March 26, 2018

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge